UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNNE HILLERY, administratrix of the Estate of David Becker,<br><br>                 Plaintiff,<br>   v.<br><br>THERESA LANTZ, CHARLES LEE, THOMAS LAWLER, MARIE CARLIN, ELEANOR FRITZ, KAREN FRICHA, WINSTON LAWRENCE, WILLIAM LUSARDI, ETIENNE HUBERT, JOSEPH JARZABEK, DOUGLAS KOHLUN, GREGORY CHEVERIER, CARLOS PRIETO, in their individual capacities,<br><br>                 Defendants. | Civil Action No.<br><br><br><br>COMPLAINT FOR DAMAGES<br><br><br><br>DEMAND FOR JURY TRIAL<br><br><br><br>APRIL 12, 2007 |

**JURISDICTION**

1.     This case is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

2.     Venue is based upon 28 U.S.C. §§ 1391(b)(1) and (2).  All of the defendants reside in the District of Connecticut, and all of the events or omissions giving rise to the claims herein arose in the District of Connecticut.

**FACTS**

3. On April 18, 2004, 47-year old David Becker, of Manchester, Connecticut, hanged himself to death with shoelaces tied to the left door of a metal overhead cabinet in his cell at Hartford Correctional Center.

4. During his time in the care and custody of Hartford Correctional Center prior to April 18, 2004, Mr. Becker had exhibited suicidal ideations and had engaged in other conduct that revealed a clear propensity for self-harm.

5. On April 3, 2004, Mr. Becker was transferred from Hartford Correctional Center to the New Haven Correctional Facility after threatening suicide and remained at the New Haven Correctional Facility on suicide watch from April 3 through April 7, 2004.

6. During his time in the care and custody of New Haven Correctional Facility prior to April 18, 2004, Mr. Becker had exhibited suicidal ideations and had engaged in other conduct that revealed a clear propensity for self-harm.

7. Mr. Becker's suicidal tendencies, his mental illness, and his dire need for psychiatric care, supervision, monitoring anti-psychotic medication were all well-known to his treating psychiatrists, doctors, nurses and other medical workers and staff members at Hartford Correctional Center and New Haven Correctional Facility, including all of the Individual Defendants named in this complaint.

8. Despite this knowledge, Hartford Correctional Center and New Haven Correctional Facility staff violated Mr. Becker's statutory and constitutional rights and grossly violated the professional standard of care, by failing to properly assess, consider, and

treat his mental illness and propensity for self-harm, and by failing to take steps to prevent Mr. Becker from killing himself by, for example, providing for one-on-one constant supervision, prohibiting his placement in an inadequately monitored cell, prohibiting his access to shoelaces and overhead cabinets suitable for making a noose and hanging himself to death, properly administering psychotropic medications in the weeks proceeding his death, properly considering and treating his mental illness; and admitting him to a mental health infirmary.

9. Mr. Becker was initially incarcerated at the Hartford Correctional Center on March 29, 2004.

10. On March 30, 2004 Mr. Becker was examined and evaluated by Defendant LAWLOR who diagnosed Mr. Becker as having manic depressive disorder, schizophrenia, and polysubstance abuse history.

11. Mr. Becker reported to Defendant LAWLOR that had experienced an increase in auditory and visual hallucinations and had jumped out of a second story window two weeks prior to the evaluation.

12. On April 3, 2004, Mr. Becker reported to a dorm officer at Hartford Correctional Center that he was hearing voices and seeing things. Mr. Becker stated that the voices were threatening and he wanted to hurt himself.

13. On April 3, 2004, Mr. Becker was evaluated by Defendant FRITZ. Defendant FRITZ arranged for Mr. Becker to be transferred to the New Haven Correctional Facility and placed on suicide watch.

14. Mr. Becker remained on suicide watch at New Haven Correctional Facility until April 7, 2004, at which time Mr. Becker was returned to Hartford Correctional Center.

15. Upon his return to Hartford Correctional Center on April 7, 2004, he was housed in South Block which is the Mental Health Unit of Hartford Correctional Center.

16. On April 8, 2004, Mr. Becker was cleared from his mental health status by Defendant FRITZ. Mr. Becker's was then put into the general population at Hartford Correctional Center, only two days after he had been on suicide watch at New Haven Correctional Facility.

17. On April 15, 2004, Defendant FRITZ re-evaluated Mr. Becker and ordered that his antipsychotic medication be completely suspended.

18. On April 15, 2004 Defendant CARLIN, a mental health social worker, informed Mr. Becker that he would not be discharged in the near future because of his pending criminal matters. Mr. Becker expressed extreme emotional distress about remaining incarcerated indefinitely.

19. On April 18, 2004, Defendant LAWRENCE was responsible for conducting the tours of the unit which housed Mr. Becker at the Hartford Correctional Center.

20. Mr. Becker was discovered hanging in his cell by Defendant LAWRENCE at approximately 2:28 a.m. on April 18, 2004. He was last checked by Defendant LAWRENCE prior to 2:00 a.m.

21. Upon discovering Mr. Becker hanging in his cell at 2:28 a.m., Defendant LAWRENCE requested assistance from other correctional officers, including Defendants LUSARDI, HUBERT, JARZABEK, KOHLUN, CHEVERIER, and PRIETO.

22. The responding officers did not arrive at Mr. Becker's cell until 2:39 a.m. and he was not cut down until 2:40 a.m., twelve minutes after he was discovered.

23. Between 2:39 and 2:40 a.m., the responding officers waited outside of Mr. Becker's cell for another correctional officer to arrive with shears, instead of entering the cell and supporting Mr. Becker's body until the shears arrived.

24. Mr. Becker was subsequently transported to Hartford Hospital, where he was officially pronounced dead at 3:23 a.m. on April 18, 2004.

25. At the time he hanged himself to death, Mr. Becker had been given access to shoelaces from which to make a noose.

26. After he was discovered hanging from the noose, correctional staff found psychotropic medication prescribed to other inmates in Mr. Becker's possessions.

27. At the time Mr. Becker hanged himself to death, he was not on 15-minute watches, a practice commonly used with people who are suicidal in an effort to prevent them from doing themselves harm.

28. Not being on 15-minute checks allowed Mr. Becker the time to manufacture the noose, to tie it to the overhead metal cabinet, and to hang himself to death before being discovered and cut down.

29. A person with Mr. Becker's diagnosis, history of suicide attempts and potential for self-harm should have been on continuous one-on-one watch, and Hartford Correctional Center staff, including the Individual Defendants, knew and should have known that a one-on-one watch was required.

30. It was grossly negligent, reckless and deliberately indifferent, to allow Mr. Becker access to shoelaces with which to make a noose.

31. It was grossly negligent, reckless and deliberately indifferent to house Mr. Becker in a room with an overhead cabinet or any other protrusion from which he could hang himself to death.

32. The custom and practice of allowing suicidal patients access to shoelaces, and the custom and practice of housing suicidal patients in rooms with protrusions, were known to and condoned by the Individual Defendants.

33. The nursing and other medical and mental health staff at Hartford Correctional Center, including the Individual Defendants herein, were inadequately trained on assessment of suicide risk and management of patients at risk for suicide.

34. This inadequate training, for which the other Individual Defendants were responsible, caused the failures that resulted in Mr. Becker's death.

35. The acts, omissions and decisions of the Individual Defendants were a substantial departure from, and were not based on, accepted judgment, practice and standards.

36. At all times mentioned herein, each Individual Defendant was acting in the course and scope of his or her employment.

37. At all times mentioned herein, each Individual Defendant was acting under color of state law.

38. At all times mentioned herein, Mr. Becker suffered from various psychiatric disorders including manic depressive disorder, schizophrenia, and polysubstance abuse.

39. It was well-known to the staff at Hartford Correctional Center and New Haven Correctional Facility, including the Individual Defendants, that Mr. Becker required adequate care and supervision to control his psychiatric disorders and suicidal impulses.

40. Notwithstanding this knowledge, Hartford Correctional Center and New Haven Correctional Facility staff, including the Individual Defendants, failed to prescribe, administer and ensure adequate care and supervision to treate Mr. Becker's mental illness and suicidal tendencies.

41. Hartford Correctional Center customs, policies and practices concerning the treatment and supervision of suicidal and potentially suicidal inmates were woefully substandard and inadequate, and were known, and should have been known, to be so by responsible Hartford Correctional Center and New Haven Correctional Facility staff, including the Individual Defendants.

42. As a result, Mr. Becker's mental illness and other psychiatric disabilities went untreated and unsupervised allowing Mr. Becker to ultimately kill himself.

43. Following Mr. Becker's death, upon information and belief, officials at Hartford Correctional Center determined, or approved and authorized the determination, that the acts and omissions described in this Complaint were proper and consistent with Hartford

Correctional Center policies and procedures concerning the treatment of suicidal and potentially suicidal patients in Department of Corrections facilities.

44. Upon information and belief, no Hartford Correctional Center staff member, including the Individual Defendants, was disciplined in connection with Mr. Becker's death.

45. Defendants LANTZ and LEE were personally involved in and responsible for the acts, omissions and violations described herein in that: (a) they directly participated in the infractions; (b) they created policies and customs, and they allowed the continuance of policies and customs, under which unconstitutional practices occurred; (c) after learning of the violations, they failed to remedy the wrongs; and (d) they were grossly negligent and deliberately indifferent in managing, supervising and training subordinates who caused or committed the wrongful acts described herein.

46. The Individual Defendants named in this Complaint each acted with reckless or callous indifference to Mr. Becker's life, health and dignity as a human being, and to his constitutional and statutory rights.

47. The Individual Defendants each engaged in highly unreasonable conduct which involved an extreme departure from ordinary care.

48. This Complaint seeks redress from the persons and entities responsible for the failure to treat, protect and care for David Becker prior to and on April 18, 2004, for his pain, injuries and death.

**PARTIES**

49. Plaintiff, LYNNE HILLERY, ADMINISTRATRIX OF THE ESTATE OF DAVID BECKER, is David's mother. The Fiduciary's Probate Certificate appointing LYNNE HILLER as the administratrix of the Estate of David Becker is attached hereto.

50. Defendant THERESA LANTZ is, and was at all relevant times, the Commissioner of the Connecticut Department of Correction. As such, she was responsible for the administration of Connecticut's correctional system, the care and custody of persons incarcerated by the Department, and the hiring, supervision, training, discipline and control of persons working for the Department. She is sued in her individual capacity.

51. Defendant CHARLES LEE is and was at all relevant times the warden of the Hartford Correctional Center. He was responsible for the hiring, supervision, training, discipline and control of persons working at Hartford Correctional Center, including some or all of the other defendants named herein; and making and ensuring compliance with policies and practices governing the treatment of persons with mental illness and persons posing a risk of self-harm. He is sued in his individual capacity.

52. Defendant, THOMAS LAWLER, is, and was at all relevant times, a psychiatrist working with Hartford Correctional Center. As such, he was responsible for: the care and custody of persons housed and treated at Hartford Correctional Center, including David Becker. He is sued in his individual capacity.

53. Defendant, MARIE CARLIN is, and was at all relevant times mentioned herein, a mental health social worker and employee of Hartford Correctional Center. As such,

she was responsible for the care and custody of persons incarcerated at Hartford Correctional Center, including David Becker.  She is sued in her individual capacity.

54. Defendant, ELANOR FRITZ, was at all relevant times mentioned herein, a registered nurse practicing at the Hartford Correctional Center.  As such, she was responsible for the care and custody of persons incarcerated and treated at Hartford Correctional Center, including David Becker. She is sued in her individual capacity.

55. Defendant, KAREN FRICHA, was at all relevant times mentioned herein, a registered nurse practicing at the Hartford Correctional Center.  As such, she was responsible for the care and custody of persons incarcerated and treated at Hartford Correctional Center, including David Becker. She is sued in her individual capacity.

56. Defendant, WINSTON LAWRENCE was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death.  He is sued in his individual capacity.

57. Defendant, WILLIAM LUSARDI was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death.  He is sued in his individual capacity.

58. Defendant, ETIENNE HUBERT was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death.  He is sued in his individual capacity.

59. Defendant, JOSEPH JARZABEK was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death. He is sued in his individual capacity.

60. Defendant, DOUGLAS KOHLUN was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death. He is sued in his individual capacity.

61. Defendant, GREGORY CHEVERIER was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death. He is sued in his individual capacity.

62. Defendant, CARLOS PRIETO was at all relevant times mentioned herein, an Officer at Hartford Correctional Center, responsible for monitoring and supervising David Becker prior to and on the date of his death. He is sued in his individual capacity.

## **FIRST COUNT**

(Substantial Departure from Accepted Standards of Professional Judgment)

63. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 62.

64. This Count is asserted against the Individual Defendants in their individual capacities only.

65. Each defendant violated David Becker's rights under the Eighth and Fourteenth Amendments to the United States Constitution to reasonably safe conditions, to adequate medical and mental health care, to adequately trained staff, and to protection from

harm by substantially departing from accepted standards of professional judgment in the care and treatment of Mr. Becker resulting in his death.

## SECOND COUNT

(Deliberate Indifference)

66. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1 through 65.

67. This Count is asserted against the Individual Defendants in their individual capacities only.

68. Each defendant violated David Becker's rights under the Eighth and Fourteenth Amendments to the United States Constitution through their deliberate indifference to Mr. Becker's medical and psychological needs and their failure to protect Mr. Becker resulting in his death.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, LYNNE HILLERY, on behalf of the ESTATE of DAVID BECKER, prays for relief as follows:

1. For compensatory damages according to proof;

2. For punitive damages;

3. For costs and reasonable attorneys fees; and

4. For such further relief as the Court deems just and proper.

Dated:  April 12, 2007

        THE PLAINTIFFS


       By_____
        Sean McElligott, Esq. (ct27030)
        Antonio Ponvert, Esq. (ct17516)
        Koskoff, Koskoff & Bieder, P.C.
        350 Fairfield Avenue, 5th Floor
        Bridgeport, CT  06604
        Tele: (203) 336-4421
        Fax:  (203) 368-3244
        Email: smcelligott@koskoff.com

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands trial by jury.

Dated:   April 12, 2007

                THE PLAINTIFFS

                By_____
                  Sean McElligott, Esq. (ct27030)
                  Antonio Ponvert, Esq. (ct17516)
                  Koskoff, Koskoff & Bieder, P.C.
                  350 Fairfield Avenue, 5th Floor
                  Bridgeport, CT  06604
                  Tele: (203) 336-4421
                  Fax:  (203) 368-3244
                  Email: smcelligott@koskoff.com